Simok, J.
delivered the opinion of the court.
When we granted the rehearing of this case, we entertained a doubt as to the correctness of our former opinion, and therefore consented cheerfully to give to the plaintiff’s counsel an opportunity of showing us that our doubt was well founded, and that our decision should be revised and corrected. But after an attentive and mature reconsideration of the question presented in argument, we have felt no hesitation in coming again to the *19 same conclusion, and in saying that our first judgment ought not to be changed.
One of the plaintiff’s counsel has contended that the payment of the bond sued on, if made to the plaintiff, would be a legal payment, and he has referred us to the 2141st article of the Louisiana Code, the second paragraph of which, is in these words: “ payments in general can legally be made, only when the person to whom the payment has been made, was at the time in possession of the evidence of the debt, under an order of a competent court, as syndic or trustee of creditors, as curator, executor, heir, or by virtue of any office or other trust, that apparently gives him the power to [24] receive the payment.” It is evident from this article that if the bond sued on, was now to be paid to the plaintiff, who, from resignation, has for some time, ceased to be the sheriff of the parish of Orleans, and who, therefore, though in possession of the evidence of the debt, could not be said to be at the time of the payment, in possession of said evidence of debt, by virtue of any office or other trust, within the meaning of the law, that apparently would give him the power to receive it, such payment would certainly be illegal. The order of court under which the bond was delivered to plaintiff and made payable to him as sheriff, cannot have such an effect as to permit him now to set up a claim or right to the said bond in his former capacity of sheriff or as the legal agent of the parties interested, and less so in his individual capacity. His duty under the order from court and the consent of the parties on which it was rendered was to bring before the court, the funds and bonds proceeding from the sale of the property for cash and at credit, in order that they be so produced for the discharge or benefit of the seizing or attaching creditor, or to be restored, after the decision of the suit, to the person against whom the seizure was levied, in case said seizure be raised; and the seizing creditor was bound to pay him his legal fees. La. Oode, arts. 2946 and 2949. Having ceased to be a public officer, he has no right to keep, preserve or collect the bond in question, in execution of the order of the court, Id. art. 2950; and although the bond is not made payable to the plaintiff’s successors in office, it is clear that, as it was taken in a judicial proceeding, for the benefit of the parties therein interested, the bond did not belong to him, and that the actual sheriff ought now to be the judicial depository of said bond, legally authorized to preserve it or to collect its amount. The circumstance that it was made payable to the plaintiff’s executors, administrators or assigns, cannot change the legal destination of the obligation sued on, and all that the former sheriff has to do, would be to assign it to his successor in the same capacity.
It has been intimated or rather suggested that there would be no [25] danger in giving judgment in favor of plaintiff, as he would surely remit the funds to the party entitled to them under the definitive judgment of the court, and that thereby the ends of justice would be attained, without any injury to any person: we are aware that the money proceeding from the collection of the bond sued on, would be perfectly safe in the hands of the plaintiff, who, in the exercise and discharge of his official duties as sheriff of the parish of Orleans, has always shown himself an able, efficient and faithful *20 officer; but the law appears to us imperative, aud we cannot in any case deviate from what we consider to be its true and clear provisions.
We are therefore of opinion that our former decision ought to remain undisturbed.